UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

RIO MALL, LLC,                                             Case No. 18-17840-EPK

        Debtor.                                          Chapter 11

_____/

### *EXPEDITED* MOTION FOR AUTHORITY TO USE CASH COLLATERAL

**\*\* Expedited Hearing Requested \*\***

**Basis for Expedited Relief**

**The Debtor will suffer immediate and irreparable harm if it is not authorized to use cash collateral to operate its business. The Debtor respectfully requests that this motion be set for hearing on or before July 3, 2018.**

Rio Mall, LLC (the "Debtor"), by and through the undersigned proposed counsel, respectfully requests: (a) authorization to utilize cash collateral on an interim basis as set forth herein, and (b) the scheduling of a final hearing on utilization of cash collateral. In support, the Debtor states as follows:

### RULE 4001(b)(1)(B) CONCISE STATEMENT SUMMARIZING RELIEF

- **Name of Each Entity with a Cash Collateral Interest:** Investors Bank and National Commercial Builders, LLC
- **Purpose for the Use of Cash Collateral:** To operate the Debtor's business.
- **Material Terms:** The Debtor requests interim use of cash collateral subject to the attached budget for a period of thirty days from the entry of an interim order, and further requests that the Court schedule a hearing on final approval of the Debtor's use of cash collateral.
- **Adequate Protection:** Investors Bank and National Commercial Builders, LLC would be adequately protected by virtue of the fact that the Debtor will be operating on a cash flow positive basis, there is equity in the subject real property, and additional adequate protection is proposed in the form of replacement liens.

{2056/000/00317613}

## JURISDICTION AND AUTHORITY

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicate for the relief requested is 11 U.S.C. §§ 105 and 363.

## BACKGROUND

3.      On June 28, 2018 the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 1101 *et seq.*

4.      The Debtor is operating its business and managing its assets as a debtor in possession pursuant to §§ 1107(a) of 1108 of the Code.  No trustee, examiner, or statutory committee has been appointed in the case.

5.      The Debtor owns and operates commercial real property (the "Real Property") that comprises the shopping center known as Rio Mall located at 3801 Route 9 South, Rio Grande, New Jersey 08210.  The Debtor estimates that the Real Property has a value of $10,000,000.

6.      Investors Bank holds a mortgage on the Real Property securing a note with an outstanding balance of $8,788,047.07.  The Debtor reserves the right to challenge the validity, priority and extent of Investors Bank's claim and lien.

7.      National Commercial Builders, LLC holds a $756,904.44 mechanic's lien on the Real Property. The Debtor reserves the right to challenge the validity, priority and extent of National Commercial Builders, LLC's claim and lien.

8.      The Debtor's proposed income and expenses for a thirty-day period are set forth in the monthly budget (the "Budget") attached hereto as EXHIBIT A.  Based on the Budget, the Debtor believes it will be cash flow positive.

9.      The Debtor requires the use of cash collateral to fund necessary operating expenses of its business.  As set forth below, the Debtor requests that the Court approve its use of cash collateral pursuant to the terms of the Budget, and further authorize the Debtor to (a) exceed any line item on the Budget by an amount equal to ten (10%) percent of each such line item; or (b) to exceed any line item by more than ten (10%) percent so long as the total of all amounts in excess of all line items for the Budget do not exceed ten (10%) percent in the aggregate of the total Budget.

## ARGUMENT

10.      The Debtor's use of property of its estate is governed by Code section 363, which provides in pertinent part that:

> If the business of the debtor is authorized to be operated under section . . . 1108 . . . of this title and unless the court orders otherwise, the [debtor] may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c)(1).  A debtor in possession has all of the rights and powers of a trustee with respect to property of the estate, including the right to use property of the estate in compliance with § 363.  *See* 11 U.S.C. § 1107(a).

11.      When a chapter 11 debtor in possession is authorized to operate its business, it may use property of estate in the ordinary course of business, but is prohibited from using cash collateral absent consent of the secured creditor or court authorization.  11 U.S.C. § 363(c).  The Code defines "cash collateral" as "cash, negotiable instruments, documents of title, securities,

deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest . . ."  11 U.S.C. § 363(a).

12.     It is appropriate for the Court to authorize the Debtor to use cash collateral because (a) Investors Bank and  National Commercial Builders, LLC are being adequately protected and (b) such use will preserve the value of the Real Estate.

**A.     Investors Bank and National Commercial Builders, LLC Are Adequately Protected.**

17.     The Bankruptcy Code does not define "adequate protection" but does provide a non-exclusive list of the means by which a debtor may provide adequate protection, including "other relief" resulting in the "indubitable equivalent" of the secured creditor's interest in its collateral.  *See* 11 U.S.C. § 361; *see In re Potvin Lumber Company, Inc.*, 24 B.R. 54 (Bankr. D. Vt. 1982) (ordering that the debtor could use cash collateral and finding that the bank was adequately protected because the total value of the debtor's personal property exceeded the bank's indebtedness).

18.     Adequate protection is to be determined on a case-by-case factual analysis.  *See Mbank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396 (10th Cir. 1987); *In re Martin*, 761 F.2d 472 (8th Cir. 1985); *see also* S. Rep. No. 95-989, 95th Cong., 2d Sess. 54 (1978). For example, *O'Connor* states that "[i]n order to encourage the Debtors' efforts in the formative period prior to the proposal of a reorganization, the court must be flexible in applying the adequate protection standard."  808 F.2d at 1396. (citations omitted).

19.     Adequate protection is meant to ensure that a secured creditor receives the value for which it originally bargained pre-bankruptcy.  *Swedeland Dev. Group., Inc.*, 16 F.3d 552, 564 (3d Cir. 1994) (citation omitted).   The essence of adequate protection is to ensure the

maintenance and continued responsibility of lien values during the interim between filing and confirmation in a case. *In re Arriens*, 25 B.R. 79, 81 (Bankr. D. Or. 1982).

20. The adequate protection provided to Investors Bank and National Commercial Builders, LLC includes: (a) the Debtor's anticipated cash flow positive position, (b) the equity cushion in the Real Property, and (c) replacement liens against the property of the Debtor for any use of cash collateral, with such liens having the same seniority and entitled to the same level of priority as the priority of Investors Bank's and National Commercial Builders, LLC's liens against the Debtor's property that existed prior to the Petition Date.

21. The Debtor's requested use of cash collateral and the protections afforded to Investors Bank herein are reasonable, appropriate, and sufficient to satisfy the legal standard of "adequate protection" and will serve to maintain the value of Investors Bank's and National Commercial Builders, LLC's alleged collateral.

**B.      Cash Collateral Use Will Preserve the Value of the Real Property**

22. The continued operation of the Debtor's business, which includes payments for utilities, security, maintenance, repairs, and insurance, will preserve the value of the Real Property. However, if the Debtor is not allowed to use cash collateral, it will be unable to operate.

23. It is well established that a bankruptcy court, where possible, should resolve issues in favor of preserving the business of the debtor and the debtor's property:

> A debtor, attempting to reorganize a business under Chapter 11, clearly has a compelling need to use "cash collateral" in its efforts to rebuild. Without the availability of cash to meet daily operating expenses such as rent, payroll, utilities, etc., the congressional policy favoring rehabilitation over economic failure would be frustrated.

*In re George Ruggiere Chrysler-Plymouth, Inc.*, 727 F.2d 1017, 1019 (11th Cir. 1984); *see In re Stein*, 19 B.R. 458, 460 (Bankr. E.D. Pa. 1982) (debtor permitted to use cash collateral when creditor was undersecured because such use was necessary to its continued operations and the creditor's secured position can only be enhanced by the continued operation of the debtor's business).

24.     If the Debtor cannot use cash collateral, its business will fail because it will not be able to maintain its commercial shopping center property.  By contrast, permitting cash collateral use will allow the Debtor to maintain operations, maintenance, and preserve the value of its Real Property which will inure to the benefit of all creditors.

**WHEREFORE**, the Debtor requests that this Court enter an order substantially in the form of the proposed order attached as **EXHIBIT B** (1) granting the Motion; (2) authorizing the Debtor's use of cash collateral in accordance with the Budget and the terms set forth herein for a period of thirty (30) days from the date the Court grants the Motion; (3) granting the replacement liens set forth above in connection with the Debtor's use of cash collateral; (4) scheduling a final hearing; and (5) granting the Debtor such other and further relief as is just and proper.

Respectfully submitted,

SHRAIBERG, LANDAU & PAGE P.A.
Proposed Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
bshraiberg@slp.law
ependergraft@slp.law


By: /s/  Bradley S. Shraiberg
      Bradley S. Shraiberg
      Florida Bar No. 121622
      Eric Pendergraft, Esq.
      Florida Bar No. 91927


## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic notices in this case on June 29, 2018.

/s/      Bradley S. Shraiberg

# EXHIBIT "A"

**RIO MALL, LLC**
**Statement of Projected Income and Expenses- Cash Basis**
For The Period June 28, 2018 through July 28, 2018

**Revenue:**

| | | | |
|---|---|---:|---|
| Rent - Theatre | $ | 35,489.00 | |
| Rent - Konsole Gaming | | 1,200.00 | new tenant - June and July rent due |
| Rent - Save A Lot | | 0.00 | 9,365 rent deposited directly into Investors Bank account |
| Rent - Rent A Center | | 0.00 | reduced rent of 3,131 - being deposited directly into Investors Bank accoun |
| Rent - Kmart | | 0.00 | base rent  48,327 - have not paid since 4/1 - July would be their final paymen |
| Total rent collected | | **36,689.00** | |

**Occupancy**

| | |
|---|---:|
| RE Taxes & Assessments | 15,351.00 |
| Licenses & Permits | 0.00 |
| | 15,351.00 |

**Utilities**

| | |
|---|---:|
| Gas & Electric | 1,800.00 |
| Water | 1,810.00 |
| | 3,610.00 |

**Security**

| | |
|---|---:|
| Fire Alarm Security | 0.00 |
| | 0.00 |

**Maintenance**

| | |
|---|---:|
| Landscape Maintenance | 2,100.00 |

**Repairs**

| | |
|---|---:|
| | 240.00 |
| | 240.00 |

**Insurance**

| | |
|---|---:|
| General Liability | 10,096.03 |
| Property | 3,977.79 |
| | 14,073.82 |

**General & Administrative**

| | |
|---|---:|
| UST Fees (accrued) | 325.00 |
| | 0.00 |

| | | |
|---|---|---:|
| **Total Costs & Expenses** | | **35,699.82** |
| **Earnings (loss) from operations** | $ | **989.18** |

| | | |
|---|---|---:|
| **Estimated cash in Investors Bank account as of 6/28/18** | $ | **34,774.00** |
| **July rent deposited by Rent A Center & Save A Lot** | | **12,496.00** |
| **Estimated cash in Investors Bank account as of 7/28/18** | $ | **47,270.00** |

# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

RIO MALL, LLC,                                                    Case No. 18-

    Debtor.                                                        Chapter 11

_____/

### ORDER GRANTING *EXPEDITED* MOTION
### FOR AUTHORITY TO USE CASH COLLATERAL

**THIS MATTER** came before the Court for hearing on July ___, 2018  upon the

*Expedited  Motion for Authority to Use Cash Collateral* [ECF No. ___] (the "Motion") filed by

Rio Mall, LLC (the "Debtor").

Having considered the Motion, for the reasons stated on the record, and being otherwise

fully advised in the premises, it is **ORDERED AND ADJUDGED** that:

1.      The Motion [ECF No. ___] is **GRANTED** on an interim basis subject to a final

hearing.

{2056/000/00317680}

2.      Use of Cash Collateral.  The Debtor shall be entitled to use cash collateral to pay all ordinary and necessary expenses in the ordinary course of its business for the purposes contained in the budget attached hereto as Exhibit A (the "Budget") for a period of thirty days from the date of this Order.  The Debtor is also authorized: (a) to exceed any line item on the Budget by an amount equal to ten (10%) percent of each such line item; or (b) to exceed any line item by more than ten (10%) percent so long as the total of all amounts in excess of all line items for the Budget do not exceed ten (10%) percent in the aggregate of the total Budget.

3.      Replacement Liens.  Notwithstanding the provisions of § 552(a) of the Bankruptcy Code, and in addition to the security interests preserved by § 552(b) of the Bankruptcy Code, the Debtor grants in favor of Investors Bank and National Commercial Builders, LLC, as security for all indebtedness that is owed by the Debtor to Investors Bank under the secured documentation, but only to the extent that each entity's cash collateral is used by the Debtor, post-petition security interests and liens in, to and against any and all real and personal property assets of the Debtor, to the same extent and priority that Investors Bank and National Commercial Builders, LLC held a properly perfected pre-petition security interest in such assets; provided that, however, under no circumstances shall each entity have a lien on any causes of action arising under 11 U.S.C. § 542 et seq., 547, 548, 549, 550, 551, or any of the Debtor's assets that it did not have a right to pre-petition.

4.      Duration.  The use of cash collateral provisions in this Order shall remain in effect for a period of thirty days from the date hereof, or until otherwise ordered by the Court.

5.      Final Hearing. This Court shall hold a final hearing on cash collateral on _____ ____, **2018 at ___:_____ ____.m.** at the United States Bankruptcy Courthouse, Flagler

{2056/000/00317680}

2

Waterview Building, 1515 North Flagler Drive, 8th Floor, Courtroom ___, West Palm Beach,

Florida 33401.

###

Submitted by:

Eric Pendergraft, Esq.
Proposed Counsel for the Debtor
2385 N.W. Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: (561) 443-0800
Facsimile: (561) 998-0047

Copy to: Eric Pendergraft, Esq.

Eric Pendergraft is directed to serve a copy of this Order upon all interested parties and to file a certificate of service with the Court.

{2056/000/00317680}

3