**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In Re:                                                                     Case No.: 18-17840-EPK

**RIO MALL, LLC,**                                                **Chapter 11**

      Debtor.

_____/

## OBJECTION TO USE OF CASH COLLATERAL

National Commercial Builders, Inc. ("NCB") by and through its undersigned counsel, hereby objects to the Debtor's use of cash collateral in this case and in respect thereof states as follows:

1.      This case was filed June 28, 2018. The case concerns the aborted enlargement and reconstruction of a shopping mall theater complex located in the southernmost county, Cape May County, New Jersey, more specifically 3801 Route 9 South, Rio Grande, New Jersey 08210.

2.      The Debtor states (in its late filed Schedules filed on July 26, 2018) that the property is worth $10,812,733.00. The Schedules however do not indicate how the property was valued but does indicate there has not been an appraisal of the property within the last year.

3.      The Schedules indicate that there is an undisputed first mortgage debt due Investors Bank in the amount of $8,930,381.00.

4.      The Schedules indicate that there is an undisputed second lien, a mechanic's lien debt, in favor of NCB in the amount of $756,907.00. The NCB mechanic's lien is attached as Exhibit A.  Although the Debtor states that the NCB debt is in the amount of $756,907.00, it is filed in the amount of $817,838.00. NCB was the contractor retained to expand the movie theater facility at the Rio Mall. The initial contract price was $1,761,247.00. The contract was amended

and increased by $202,492.79 and accordingly the total contract price was $1,963,739.79. NCB provided work, services, material and equipment pursuant to contract in the amount of $1,523,226.06 when it ceased working due to non-payment. The amount actually paid pursuant to the contract was $705,388.22.

5.      If one were to accept the Debtors valuation of the property, and the Debtor's valuation of the first mortgage, there would appear to be approximately $1,00,000.00 of equity in this property. However, the Debtor does not provide any indication as to how it valued the property and Debtor's counsel has yet to return various telephone calls.

6.      In circumstances like this, it is not unusual for the Debtor to enhance its unexplained property valuation by 10% or more.

7.      At the inception of this case, the Debtor filed an Expedited Motion to Use Cash Collateral (ECF 9) and suggests that there is an equity cushion. It does not appear from the docket that an Order was entered authorizing the use of cash collateral but the Motion was reset down for August 1, 2018.

8.      The Debtor has not paid NCB any cash collateral or adequate protection.  It is unclear whether the Debtor is maintaining insurances, and whether the Debtor is escrowing real estate taxes.

9.      Pursuant to Bankruptcy Code 11 U.S.C. § 363(e):

Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the Trustee, the Court, with or without a hearing, shall prohibit or condition such use sale or lease as is necessary to provide adequate protection of such interest…

10.     Again, it is most unclear in this case whether there is indeed an alleged "equity cushion" and NCB is not receiving any adequate protection payments.

Aaronson Schantz Beiley P.A. | One Biscayne Tower, Floor 34 | 2 S. Biscayne Blvd. | Miami, Florida 33131 | 786.594.3000 | Fax 305.424.9336

ACCORDINGLY, NCB would request that the Debtor provide some credible showing of valuation of this property, some credible showing of equity cushion, some credible showing of how it is going to complete its construction, and/or provide adequate protection to NCB of its security interest, and any and other and further relief the Court deems appropriate in the premises.

Respectfully submitted,
**Aaronson Schantz Beiley P.A**

s/Geoffrey S Aaronson
Geoffrey S Aaronson, Esq.
Aaronson Schantz Beiley P.A.
One Biscayne Tower
2 South Biscayne Blvd., 34th Floor
Miami, Florida 33131
Tel. 786.594.3000
Fax 305.424.9336
gaaronson@aspalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished via e-mail through the Court's CM/ECF service to all CMECF notice parties, including counsel for Debtor and counsel for Investors Bank, on July 27, 2018.

s/Geoffrey S Aaronson
Geoffrey S Aaronson

# Exhibit "A"

‡ 2018047557 Bk C13 Pgs 755-759
Recorded County of Cape May, NJ
Date 03/08/2018 14:45:31 By PM
Rita Marie Fulginiti, County Clerk
Recording Fees  $15.00



## Cape May County
## Document Summary Sheet

| | |
|---|---|
| CAPE MAY COUNTY CLERK<br>PO BOX 5000<br>7 NORTH MAIN STREET<br>CAPE MAY COURT HOUSE<br>NJ 08210-5000 | **Return Name and Address**<br>zlien<br>1121 Josephine Street<br>New Orleans, LA 70130 |

**Official Use Only**

| | |
|---|---|
| **Submitting Company** | zlien dba National Comercial Builders, Inc. |
| **Document Date** (mm/dd/yyyy) | 3/7/2018 |
| **Document Type** | Construction Lien |
| **No. of Pages of the Original Signed Document** (including the cover sheet) | 5 |
| **Consideration Amount** (if applicable) | $817,838.38 |

| | Name(s) *(Last Name First Name Middle Initial Suffix)* *(or Company Name as written)* | Address *(Optional)* |
|---|---|---|
| **First Party**<br>*(Grantor or Mortgagor or Assignor)*<br>*(Enter up to five names)* | Rio Mall. LLC | |
| **Second Party**<br>*(Grantee or Mortgagee or Assignee)*<br>*(Enter up to five names)* | National Commercial Builders, Inc. | |

| | Municipality | Block | Lot | Qualifier | Property Address |
|---|---|---|---|---|---|
| **Parcel Information**<br>*(Enter up to three entries)* | Rio Grande | 1450 | 5 | | 3801 Route 9 South, Suite 1 |

| | Book Type | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---|---|---|---|---|---|
| **Reference Information**<br>*(Enter up to three entries)* | | | | | |

*DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF CAPE MAY COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

—19145

Space above for Recorder
Reference Number: 1027733

# CONSTRUCTION LIEN CLAIM

TO THE CLERK, COUNTY OF Cape May County:
In accordance with the "Construction Lien Law," P.L.1993, c.318 (C.2A:44A-1 et al.), notice is hereby given that (only complete those sections that apply):

**1.** On March 07, 2018, I, Frank Lightfoot, As an officer / shareholder of a corporation of the claimant known as National Commercial Builders, Inc., located at 10555 Rene Street, Lenexa, Kansas 66215, claim a construction lien against the real property of Rio Mall, LLC,

RIO MALL LLC , in that certain tract or parcel of land and premises described as Block 1450, Lot 5, on the tax map of the (municipality) of MIDDLE TWP, County of Cape May County, State of New Jersey, (or if no Block and Lot is assigned, a metes and bounds or other description of the property), and located at the municipal address of 3801 Route 9 South, Suite 1, , Rio Grande, New Jersey 08242, otherwise legally described as follows:

Property located at the municipal address of 3801 ROUTE 9 S RIO GRANDE,NJ 08242 . In the county of CAPE MAY. Legally described as L11.02 12 13.01+ 20.04. APN 06-01450-0000-00005. Municipality / Township of MIDDLE TWP. Census Tract 022102. Legal Block 1450 . Legal Lot ="5". Map Reference 1 1450 Map reference 2 5.

in the amount of $817,838.38, as calculated below for the value of the work, services, material or equipment provided. The lien is claimed against the interest of the property owner in accordance with section 3 of P.L.1993, c.318 (C.2A:44A-3).

**2.** In accordance with a written contract for improvement of the above property, dated September 23, 2016, with the Chief Operating Officer, named or known as Rio Mall, LLC, and located at 1003 W. Indiantown Road, Suite 210, Jupiter, Florida 33458, this claimant performed the following work or provided the following services, material or equipment:
Construction Management
Supervision of Subcontractors
Executed AIA A107
All materials and labor necessary to complete project per plans and specifications

## IMPORTANT INFORMATION ON FOLLOWING PAGE

**3.** The date of the provision of the last work, services, material or equipment for which payment is claimed is December 09, 2017

**4.** The amount due for work, services, material or equipment delivery provided by claimant in connection with the improvement of the real property, and upon which this lien claim is based, is calculated as follows:

A. Initial Contract Price: $1,761,247.00

B. Executed Amendments to Contract Price/Change Orders: $202,492.79

C. Total Contract Price (A + B) = $1,963,739.79

D. If Contract Not Completed, Value Determined in Accordance with the Contract of Work Completed or Services, Material, Equipment Provided: $1,523,226.60

E. Total from C or D (whichever is applicable): $1,963,739.79    1,523,226.60

F. Agreed upon Credits: $0.00

G. Amount Paid to Date: $705,388.22

**TOTAL LIEN CLAIM AMOUNT E - [F + G] = $817,838.38**

## NOTICE OF UNPAID BALANCE AND ARBITRATION AWARD

Does this claim arise from a Residential Construction Contract: No

If it does, complete 5 and 6 below; if not residential, complete 5 below, only if applicable. If not residential and 5 is not applicable, skip to Claimant's Representation and Verification.

**5.** A Notice of Unpaid Balance and Right to File Lien (if any) was previously filed with the County Clerk of Cape May County County on  as .

**6.** An award of the arbitrator (if residential): N/A

### IMPORTANT INFORMATION ON FOLLOWING PAGE

## CLAIMANT'S REPRESENTATION AND VERIFICATION

Claimant represents and verifies under oath that:

**1.** I have authority to file this claim.
**2.** The claimant is entitled to the amount claimed at the date of lodging for record of the claim, pursuant to claimant's contract described above.
**3.** The work, services, material or equipment for which this lien claim is filed was provided exclusively in connection with the improvement of the real property which is the subject of this claim.
**4.** This claim form has been lodged for record with the County Clerk where the property is located within 90 or, if residential construction, 120 days from the last date upon which the work, services, material or equipment for which payment is claimed was provided.
**5.** This claim form has been completed in its entirety to the best of my ability and I understand that if I do not complete this form in its entirety, the form may be deemed invalid by a court of law.
**6.** This claim form will be served as required by statute upon the owner or community association, and upon the contractor or subcontractor against whom this claim has been asserted, if any.
**7.** The foregoing statements made by me in this claim form are true, to the best of my knowledge. I am aware that if any of the foregoing statements made by me in this claim form are willfully false, this construction lien claim will be void and that I will be liable for damages to the owner or any other person injured as a consequence of the filing of this lien claim.

_Frank Lightfoot_
National Commercial Builders, Inc.
Signed by: Frank Lightfoot
Signed as As an officer / shareholder of a corporation

SUGGESTED NOTARIAL FOR INDIVIDUAL CLAIMANT:

STATE OF __Kansas__
COUNTY OF __Johnson__

On this ..7th.. day of _March_ 20..18., before me, the subscriber, personally appeared Frank Lightfoot who, I am satisfied, is/are the person(s) named in and who executed the within instrument, and thereupon acknowledged that claimant(s) signed, sealed and delivered the same as claimant's (s') act and deed, for the purposes therein expressed.

NOTARY PUBLIC

Ref: 1027733

STACY MAIMER-JOHNSON
NOTARY
MY APPOINTMENT
EXPIRES 4-28-2019
PUBLIC
STATE OF KANSAS

SUGGESTED NOTARIAL FOR CORPORATE OR LIMITED LIABILITY CLAIMANT:

STATE OF __Kansas__
COUNTY OF __Johnson__ ss:

On this .....7th... day of _March_. 20.18., before me, the subscriber, personally appeared Frank Lightfoot who, I am satisfied is the As an officer / shareholder of a corporation named herein and who by me duly sworn/affirmed, asserted authority to act on behalf of the entity and who, by virtue of its Bylaws, or Resolution of its Board of Directors, or partnership or operating agreement, as the case may be, executed the within instrument on its behalf, and thereupon acknowledged that claimant signed, sealed and delivered same as claimant's act and deed, for the purposes herein expressed.

NOTARY PUBLIC

STACY MAIMER-JOHNSON
NOTARY
MY APPOINTMENT
EXPIRES 4-28-2019
PUBLIC
STATE OF KANSAS

# NOTICE TO OWNER OF REAL PROPERTY
# NOTICE TO CONTRACTOR OR SUBCONTRACTOR, IF APPLICABLE

The owner's real estate may be subject to sale to satisfy the amount asserted by this claim. However, the owner's real estate cannot be sold until the facts and issues which form the basis of this claim are decided in a legal proceeding before a court of law. The lien claimant is required by law to commence suit to enforce this claim.

The claimant filing this lien claim shall forfeit all rights to enforce the lien claim and shall be required to discharge the lien claim of record, if the claimant fails to bring an action in the Superior Court, in the county in which the real property is situated, to establish the lien claim:

1. Within one year of the date of the last provision of work, services, material or equipment, payment for which the lien claim was filed; or

2. Within 30 days following receipt of written notice, by personal service or certified mail, return receipt requested, from the owner or community association, contractor, or subcontractor against whom a lien claim is filed, as appropriate, requiring the claimant to commence an action to establish the lien claim.

You will be given proper notice of the proceeding and an opportunity to challenge this claim and set forth your position. If, after the owner (and/or contractor or subcontractor) has had the opportunity to challenge this lien claim, the court of law enters a judgment against any of you and in favor of the claimant filing this lien claim, and thereafter judgment is not paid, the owner's real estate may then be sold to satisfy the judgment. A judgment against a community association for a claim of work, services, material or equipment pursuant to a contract with that community association cannot be enforced by a sale of real estate.

The owner may choose to avoid subjecting the real estate to sale by the owner (or contractor) by either:

1. paying the claimant and obtaining a discharge of lien claim from the claimant, by which the owner will lose the right to challenge this lien claim in a legal proceeding before a court of law; or

2. causing the lien claim to be discharged by filing a surety bond or making a deposit of funds as provided for in section 31 of P.L.1993, c.318 (C.2A:44A-31), by which the owner will retain the right to challenge this lien claim in a legal proceeding before a court of law.