UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

RIO MALL, LLC, *et al.*,                                    Lead Case No. 18-17840-EPK

       Debtors.                                               Chapter 11
                                          Jointly Administered

_____/

FRANK THEATRES MANAGEMENT, LLC,

       Plaintiff,

vs.                                                                    Adv. Proc. No.

LAS OLAS RIVERFRONT, LP,

       Defendant.

_____/

## COMPLAINT TO AVOID PREFERENTIAL TRANSFERS

Frank Theatres Management, LLC ("Plaintiff"), pursuant to 11 U.S.C. § 547, sues Las Olas Riverfront, LP ("Defendant") to avoid preferential transfers and states:

## JURISDICTION AND VENUE

1.      On August 17, 2018 (the "Petition Date"), Plaintiff filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, Case No. 18-20022-EPK.

2.      Plaintiff's bankruptcy case has been jointly administered with the bankruptcy case of Rio Mall, LLC, Case No. 18-17840-EPK.

3.      Plaintiff is a chapter 11 debtor in possession and has the rights and powers of a trustee as set forth in 11 U.S.C. § 1107.

4.      Plaintiff is a Delaware limited liability company.

5.      Defendant is a Delaware limited partnership and creditor of Plaintiff.

6.      This is an adversary proceeding filed pursuant to 11 U.S.C. § 547 and Federal Rules of Bankruptcy Procedure 7001(1) and (2).

7.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b).  The is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

8.      Venue is proper pursuant to 28 U.S.C. § 1409 because the bankruptcy case of Plaintiff is pending in this district.

## BACKGROUND

9.      On November 6, 2013 Defendant filed a complaint against Plaintiff in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "State Court"), Case No. 13-25993 (the "Florida Case"), for an alleged breach of a lease agreement.

10.      On or about May 30, 2018 the State Court entered a final judgment in favor of Defendant and against Plaintiff and a third party, Frank Entertainment Companies, LLC, jointly and severally, in the amount of $55,000.00 (the "Judgment").

11.      A copy of the Judgment is attached as **EXHIBIT "A"**.

12.      The Judgment is unsatisfied.

13.      On or about June 14, 2018 Defendant caused a writ of garnishment (the "First Writ") to be issued to Bank of America, N.A. ("BOA").

14.      Defendant served the First Writ on BOA on or about June 14, 2018.

15.      On or about August 3, 2018 Defendant caused a second writ of garnishment to be issued to BOA (the "Second Writ").

16.      Defendant served the Second Writ on BOA on or about August 3, 2018.

17.    Copies of the First Writ and Second Writ (the "Writs") are attached as **EXHIBIT "B"**.

18.    In response to the Writs, BOA states that it is holding a total of $176,316.67 in accounts ending in 7698, 5130 and 5896 that are titled in the name of Plaintiff (the "Accounts").

19.    Copies of answers to the Writs filed by BOA in the Florida Case are attached as **EXHIBIT "C"**.

20.    Plaintiff is a common paymaster and management company that does not independently own assets.  Rather, monies in the Accounts were earned and deposited by non-party entities for accounting purposes (the "Entities").

21.    The Entities consist of FEC Towne, LLC, All Star Development of Conway, LLC, Frank Theatres Teays Valley, LLC, Frank Theatres Gettysburg, LLC, Frank Theatres Tilton, LLC and Revolutions at Penn Treaty, LLC.  Each of the Entities owns and operates movie theaters or other entertainment complexes.

22.    Plaintiff uses monies in the Accounts to pay routine business expenses of the Entities.

23.    Plaintiffs lacks a beneficial or equitable interest in funds in the Accounts.

24.    Creditors of Plaintiff would receive little or no distribution in a liquidation under chapter 7 of the Bankruptcy Code.

25.    To the extent Defendant has filed a proof of claim or has a claim listed on the Plaintiff's schedules, as may have been amended during the Plaintiff's bankruptcy case, as undisputed, liquidated, and not contingent, or has otherwise requested payment from Plaintiff, this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to

object to such claim(s) for any reason including, but not limited to, 11 U.S.C. § 502(a) through (j), and such rights are expressly reserved.

## COUNT I
## AVOIDANCE OF PREFERENTIAL TRANSFER
## REGARDING THE FIRST WRIT
## 11 U.S.C. § 547(b)

26.    Plaintiff incorporates and re-alleges the allegations in paragraphs 1–25 above as if fully set forth herein.

27.    Upon service of the First Writ on BOA, Defendant obtained a lien or other interest in the Accounts, and interests of Plaintiff in property were thus transferred to Defendant (the "First Writ Transfers").

28.    Defendant is a creditor of Plaintiff.

29.    Defendant acquired such interests on account of the debt represented by the Judgment.

30.    Defendant acquired such interests while Plaintiff was insolvent.

31.    Defendant acquired such interests within 90 days of the Petition Date.

32.    As a result of acquiring such interests Defendant will satisfy the Judgment and therefore receive more than it would have received: (a) in a distribution under chapter 7 of the Bankruptcy Code, (b) if the transfer had not been made, and (c) Defendant received payment of the Judgment to the extent provided by the provisions of the Bankruptcy Code.

33.    In accordance with the foregoing, the First Writ Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II
## AVOIDANCE OF PREFERENTIAL TRANSFER
## REGARDING THE SECOND WRIT
## 11 U.S.C. § 547(b)

34.     Plaintiff incorporates and re-alleges the allegations in paragraphs 1–25 above as if fully set forth herein.

35.     Upon service of the Second Writ on BOA, Defendant obtained a lien or other interest in the Accounts, and interests of Plaintiff in property were thus transferred to Defendant (the "Second Writ Transfers").

36.     Defendant is a creditor of Plaintiff.

37.     Defendant acquired such interests on account of the debt represented by the Judgment.

38.     Defendant acquired such interests while Plaintiff was insolvent.

39.     Defendant acquired such interests within 90 days of the Petition Date.

40.     As a result of acquiring such interests Defendant will satisfy the Judgment and therefore receive more than it would have received: (a) in a distribution under chapter 7 of the Bankruptcy Code, (b) if the transfers had not been made, and (c) Defendant received payment of the Judgment to the extent provided by the provisions of the Bankruptcy Code.

41.     In accordance with the foregoing, the Second Writ Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

[Remainder of Page Intentionally Left Blank]

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court: (a) enter a judgment against the Defendant as to Counts I and II of the Complaint; (b) avoid the First Writ Transfers and Second Writ pursuant to 11 U.S.C. § 547; and (c) grant such other and further relief as the Court deems just and proper.

Dated August 29, 2018

                                      Respectfully Submitted,

                                      **SHRAIBERG, LANDAU & PAGE, P.A.**
                                      Attorneys for Plaintiff
                                      2385 NW Executive Center Drive, #300
                                      Boca Raton, Florida 33431
                                      Telephone: 561-443-0800
                                      Facsimile: 561-998-0047
                                      pdorsey@slp.law

                                  By: /s/ Patrick Dorsey
                                        Patrick Dorsey
                                        Florida Bar No. 0085841

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case on this the 29th day of August, 2018.

                                    /s/ Patrick Dorsey
                                    Patrick Dorsey

# EXHIBIT A

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL CIVIL DIVISION

LAS OLAS RIVERFRONT, LP,            CASE NO:  CACE-13-25993 (DIV. 08)

       Plaintiff,

vs.                                 **FINAL JUDGMENT AFTER DEFAULT**

FRANK THEATERS MANAGEMENT,
LLC,

       Defendant.
_____/

THIS CAUSE came on before the Court, without hearing, on *Plaintiff's Ex Parte Motion for Entry of Final Judgment after Default* (the "Motion").  The Court, having review (i) the Motion; (ii) the July 11, 2017 Settlement Agreement; (iii) the Affidavit of Jason R. Block, Esq. filed in support of the Motion; and (iv) being otherwise duly advised in the premises, it is,

**ORDERED AND ADJUDGED that:**

1.    The Motion is hereby GRANTED.

2.    Plaintiff, Las Olas Riverfront, LP, a Delaware limited partnership ("Plaintiff"), whose principal address is 2434 E. Las Olas Blvd., Fort Lauderdale, Florida 33301, shall recover of and from defendant, Frank Theaters Management, LLC, a Delaware limited liability company, whose last known address is c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808, and from guarantor, Frank Entertainment Companies LLC, a Delaware limited liability company ("Guarantor"), whose last known address is c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808, jointly and severally, the principal

Final Judgment after Default
Case No. CACE-13-25993
Page 2 of 2

sum of $55,000.00, that shall bear interest at 5.72% per annum, for all of which let execution issue forthwith.

3.      It is further ordered and adjudged that the judgment debtors, Frank Theaters Management, LLC, a Delaware limited liability company, and Frank Entertainment Companies, LLC, a Delaware limited liability company, shall each complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor if the judgment creditor is not represented by an attorney, within 45 days from the date of this Final Judgment, unless the Final Judgment is satisfied or post-judgment discovery is stayed.  Jurisdiction of this case is retained to enter further orders that are proper to compel the judgment debtors to complete form 1.977, including all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor if the judgment creditor is not represented by an attorney.

4.      The Court retains jurisdiction to tax Defendant, Frank Theaters Management, LLC, a Delaware limited liability company, and guarantor, Frank Entertainment Companies, LLC, a Delaware limited liability company, with payment of Plaintiff's attorneys' fees and costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____ day of May 2018.

_____
CIRCUIT JUDGE

Copies furnished to:
-Jason R. Block, Esq., servicejasonblock@rvmrlaw.com, djuarez@rvmrlaw.com
--Brian M. Becher, Esq., bbecher@fwblaw.net, rbyrnes@fwblaw.net

CACE13025993 05-30-2018 11:16 AM

Electronically Signed by Haimes, David A CACE13025993 05-30-2018 11:16 AM

# EXHIBIT B

Filing # 73000846 E-Filed 06/04/2018 09:26:59 AM



IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL CIVIL DIVISION

LAS OLAS RIVERFRONT, LP,                    CASE NO:  CACE-13-25993 (DIV. 08)

      Plaintiff,

vs.

FRANK THEATER MANAGEMENT,                    **WRIT OF GARNISHMENT**
LLC,

      Defendant.

_____/

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE COMMANDED to summon the garnishee, Bank of America, N.A., c/o CT
Corporation System, 1200 South Pine Island Boulevard, Plantation, Florida 33324 to serve an answer
to this writ on Jason R. Block, Esq., Rennert Vogel Mandler & Rodriguez, P.A., Judgment Creditor's
attorney, whose address is 100 S.E. 2nd Street, Suite 2900, Miami, Florida 33131, telephone (305)
577-4165, within 20 days after service on the garnishee, exclusive of the day of service, and to file
the original with the clerk of this court either before service on the attorney or immediately
thereafter, stating whether the garnishee is indebted to Judgment Debtor, Frank Theaters
Management, LLC, a Delaware limited liability company, at the time of the answer or was indebted
at the time of service of the writ, or at any time between such times, and in what sum and what
tangible and intangible personal property of the Judgment Debtor, Frank Theaters Management,
LLC, a Delaware limited liability company, the garnishee is in possession or control of at the time of
the answer or had at the time of service of this writ, or at any time between such times, and whether
the garnishee knows of any other person indebted to the Judgment Debtor or who may be in
possession or control of any of the property of the Judgment Debtor. The amount set in Judgment
Creditor's motion is $55,000.00, plus interest from the Judgment Date, *i.e.,* May 30, 2018.

    Dated this ____    JUN 14 2018

                        BRENDA D. FORMAN
                        As Clerk of the Court

                        By: _____
                           As Deputy Clerk

                           BRENDA D. FORMAN

Filing # 73000846 E-Filed 06/04/2018 09:26:59 AM



IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL CIVIL DIVISION

LAS OLAS RIVERFRONT, LP,                    CASE NO:  CACE-13-25993 (DIV. 08)

     Plaintiff,

vs.

                               **WRIT OF GARNISHMENT**

FRANK THEATER MANAGEMENT,
LLC,

     Defendant.

_____/

THE STATE OF FLORIDA:
To Each Sheriff of the State:

     YOU ARE COMMANDED to summon the garnishee, Bank of America, N.A., c/o CT
Corporation System, 1200 South Pine Island Boulevard, Plantation, Florida 33324 to serve an answer
to this writ on Jason R. Block, Esq., Rennert Vogel Mandler & Rodriguez, P.A., Judgment Creditor's
attorney, whose address is 100 S.E. 2nd Street, Suite 2900, Miami, Florida 33131, telephone (305)
577-4165, within 20 days after service on the garnishee, exclusive of the day of service, and to file
the original with the clerk of this court either before service on the attorney or immediately
thereafter, stating whether the garnishee is indebted to Judgment Debtor, Frank Theaters
Management, LLC, a Delaware limited liability company, at the time of the answer or was indebted
at the time of service of the writ, or at any time between such times, and in what sum and what
tangible and intangible personal property of the Judgment Debtor, Frank Theaters Management,
LLC, a Delaware limited liability company, the garnishee is in possession or control of at the time of
the answer or had at the time of service of this writ, or at any time between such times, and whether
the garnishee knows of any other person indebted to the Judgment Debtor or who may be in
possession or control of any of the property of the Judgment Debtor. The amount set in Judgment
Creditor's motion is $55,000.00, plus interest from the Judgment Date, *i.e.*, May 30, 2018.

     Dated this _____        JUN 14 2018

                           BRENDA D. FORMAN
                           As Clerk of the Court

                           By: _____
                                 As Deputy Clerk

                                        BRENDA D. FORMAN

(5) Copies of all checks written by Frank Theatres drawn on each account, including account number with the last four digits 0339, that is and/or was opened for account holder Frank Theatres between January 1, 2018 through the date of Bank of America, N.A.'s response to this subpoena.

These items will be inspected and may be copied at that time.  You will not be required to surrender the original items.  You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production.  You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation.  You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above.  You have the right to object to the production pursuant to the subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena.

**IF YOU FAIL TO:**

1. appear as specified; or
2. furnish the records instead of appearing as provided above; or
3. object to this subpoena,

you may be in contempt of court.  You are subpoenaed to appear by the following attorney and unless excused from this subpoena by the attorney, or the court, you shall respond to this subpoena as directed.

DATED this 14th day of June, 2018.

BRENDA D. FORMAN
As Clerk of the Court

By:    /s/ Jason R. Block
      Jason R. Block
      For the Court

Jason R. Block
Florida Bar No. 0649279
Rennert Vogel Mandler & Rodriguez, P.A.
Attorneys for Las Olas Riverfront, LP
100 S.E. 2nd Street, Suite 2900
Miami, Florida 33131-2131
Phone: (305) 577-4177

Filing # 75936544 E-Filed 08/03/2018 10:31:04 AM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL CIVIL DIVISION

LAS OLAS RIVERFRONT, LP,                    CASE NO:  CACE-13-25993 (DIV. 08)

      Plaintiff,

vs.

                                      __WRIT OF GARNISHMENT__

FRANK THEATER MANAGEMENT,
LLC,

      Defendant.
_____/

# RUSH

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE COMMANDED to summon the garnishee, Bank of America, N.A., c/o CT
Corporation System, 1200 South Pine Island Boulevard, Plantation, Florida 33324 to serve an answer
to this writ on Jason R. Block, Esq., Rennert Vogel Mandler & Rodriguez, P.A., Judgment Creditor's
attorney, whose address is 100 S.E. 2nd Street, Suite 2900, Miami, Florida 33131, telephone (305)
577-4165, within 20 days after service on the garnishee, exclusive of the day of service, and to file
the original with the clerk of this court either before service on the attorney or immediately
thereafter, stating whether the garnishee is indebted to Judgment Debtor, Frank Theaters
Management, LLC, a Delaware limited liability company, at the time of the answer or was indebted
at the time of service of the writ, or at any time between such times, and in what sum and what
tangible and intangible personal property of the Judgment Debtor, Frank Theaters Management,
LLC, a Delaware limited liability company, the garnishee is in possession or control of at the time of
the answer or had at the time of service of this writ, or at any time between such times, and whether
the garnishee knows of any other person indebted to the Judgment Debtor or who may be in
possession or control of any of the property of the Judgment Debtor. The amount set in Judgment
Creditor's motion is $55,000.00, plus interest from the Judgment Date, *i.e.,* May 30, 2018.

      Dated this _____.    AUG 03 2018

                                 BRENDA D. FORMAN
                                 As Clerk of the Court

                                 By: _____
                                     As Deputy Clerk

                                        BRENDA D. FORMAN

# EXHIBIT C

Filing # 74001327 E-Filed 06/22/2018 04:45:34 PM

LAS OLAS RIVERFRONT, LP,
     Plaintiff(s),

vs.

FRANK THEATER MANAGEMENT, LLC,
     Defendant(s),

and
BANK OF AMERICA, N.A.,
     Garnishee

_____/

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL CIVIL DIVISION
CASE NO.:   CACE-13-25993 (DIV. 08)

ANSWER OF GARNISHEE AND
DEMAND TO PLAINTIFF FOR
PAYMENT OF ATTORNEY'S FEES

     Garnishee, BANK OF AMERICA, N.A., by its undersigned attorney, Answers the Writ of Garnishment served on it as follows:

    1.    At the time of the service of the Writ of Garnishment, plus sufficient time not to exceed one business day for Garnishee to act expeditiously on the Writ,  and at the time of its Answer and at all times between service and its Answer, Garnishee's records reflect the following account(s) which may be subject to the Writ of Garnishment:

| Account Number(s) | Name on Account |
|---|---|
| xxxx-xxxx███ | Frank Theatres Management, LLC<br>1003 W. Indiantown Rd., Ste. 210<br>Jupiter, FL 33458-6851 |
| xxxx-xxxx███ | Frank Theatres Management, LLC<br>Credit Card Collection Account<br>1003 W. Indiantown Rd., Ste. 210<br>Jupiter, FL 33458-6851 |
| xxxx-xxxx███ | Frank Theatres Management, LLC<br>Payroll Account<br>1003 W. Indiantown Rd., Ste. 210<br>Jupiter, FL 33458-6851 |

    2.    Pursuant to provisions of Sections 77.06 (2) and (3) of Florida Statutes, and subject to Court determination of the proper disposition of proceeds of the above account(s), Garnishee in good faith has set aside the following sums:

| Account Number(s) | Amount Set Aside |
|---|---|
| xxxx-xxxx███ | $59,541.94 |
| xxxx-xxxx-███ | -0- |
| xxxx-xxxx███ | $958.06 |

3.    Under its deposit agreement/contract with its customer, Garnishee has a contractual right of setoff and it hereby claims this right.  Specifically, Garnishee is authorized to offset, among its other rights, a bank processing fee in the amount of $125.00.  Said sum has been taken from the funds in paragraph 2 above and the amount shown reflects the reduced sum held after offset.  As such, this is the sum available for garnishment herein. Garnishee's bank processing fee is in addition to the statutory garnishment fee in the amount of $100.00 to be paid by Plaintiff to Garnishee's attorney as part payment of Garnishee's attorney's fees (Section 77.28 Florida Statutes, as amended on July 1, 2014).

4.    Garnishee has no obligation to make, and has not made, a factual determination whether the property of the Defendant(s) in its possession or control is subject to any exemption provided to the Defendant(s) by State or Federal Law.

5.    Garnishee knows of no other person indebted to Defendant(s) or any other person who may have any effects, goods, money or chattels of the said Defendant(s), nor did Garnishee have in its possession or control any other tangible or intangible personal property of the Defendant(s).

6.    In accordance with Section 77.28 as amended on July 1, 2014, and having filed the Answer of Garnishee in this case, **Garnishee hereby demands from Plaintiff the payment forthwith of the $100.00 statutory garnishment fee** for the part payment of its attorney's fees, to be made **payable to The Noa Law Firm, P.A.,** Garnishee's attorney(s), and to be mailed to:

**THE NOA LAW FIRM, P.A.**
**P. O. Box 941958**
**Miami, Florida 33194**

WHEREFORE, Garnishee prays that this Court enter its judgment determining proper disposition of any funds held pursuant to the Writ of Garnishment and **demands payment by Plaintiff forthwith of the $100.00 statutory garnishment fee** as part payment of Garnishee's attorney's fees, to be made **payable to The Noa Law Firm, P.A.,** Garnishee's attorney(s), and for any other relief this Court deems just and proper.

## DESIGNATION OF EMAIL ADDRESS

Pursuant to Rule 2.516 of the Florida Rules of Judicial Administration, Counsel for Garnishee hereby designates the following primary email address for service of court documents: Primary email address: e-service@noalawfirm.com.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished via electronic mail this  22ND  day of  JUNE , 2018, to JASON R. BLOCK, ESQ., ATTORNEY FOR PLAINTIFF, RENNERT VOGEL MANDLER & RODRIGUEZ, P.A., Email: servicejasonblock@rvmrlaw.com.

THE NOA LAW FIRM, P.A.
ATTORNEY(S) FOR GARNISHEE
P. O. Box 941958
Miami, Florida 33194
Telephone: (305)559-9620
Facsimile: (305)559-3611

By: _____
[X] ANA DIAZ NOA, ESQ., FBN 729299
[ ] JOSEPH A. NOA, JR., ESQ., FBN 81984
[ ] MICHAEL A. NOA, ESQ., FBN 93621

LAS OLAS RIVERFRONT, LP,
      Plaintiff(s),

vs.

FRANK THEATER MANAGEMENT, LLC,
      Defendant(s),

and
BANK OF AMERICA, N.A.,
      Garnishee

_____/

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL CIVIL DIVISION
CASE NO.:    CACE-13-25993 (DIV. 08)

AMENDED ANSWER OF GARNISHEE
AND DEMAND TO PLAINTIFF FOR
PAYMENT OF ATTORNEY'S  FEES

      Garnishee,  BANK OF AMERICA, N.A., by its undersigned attorney, amends its Answer of Garnishee as follows:

      1.     Paragraph #1 of the Answer of Garnishee filed on June 22, 2018, remains unchanged.

      2.     Paragraph #2 of the Answer of Garnishee filed on June 22, 2018, is amended as follows:

      Pursuant to provisions of Sections 77.06 (2) and (3) of Florida Statutes, and subject to Court determination of the proper disposition of proceeds of the above account(s), Garnishee has set aside the following sums:

| Account Number(s) | Amount Set Aside |
| --- | --- |
| xxxx-xxxx-7698 | $70,541.94 |
| xxxx-xxxx-5130 | -0- |
| xxxx-xxxx-5896 | $958.06 |

      3.     In all other respects, the Answer of Garnishee filed on June 22, 2018, remains unchanged.

      WHEREFORE, Garnishee prays that this Court enter its judgment determining proper disposition of any funds held pursuant to the Writ of Garnishment and for **the payment by**

**Plaintiff forthwith of the $100.00 statutory garnishment fee** as part payment of Garnishee's attorney's fees, to be made **payable to The Noa Law Firm, P.A.,** Garnishee's attorney(s), and for any other relief this Court deems just and proper.

## DESIGNATION OF EMAIL ADDRESS

Pursuant to Rule 2.516 of the Florida Rules of Judicial Administration, Counsel for Garnishee hereby designates the following primary email address for service of court documents: Primary email address: e-service@noalawfirm.com.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished via electronic mail this ___25TH___ day of ___JUNE___, 2018 to JASON R. BLOCK, ESQ., ATTORNEY FOR PLAINTIFF, RENNERT VOGEL MANDLER & RODRIGUEZ, P.A., Email: servicejasonblock@rvmrlaw.com.

THE NOA LAW FIRM, P.A.
ATTORNEY(S) FOR GARNISHEE
P. O. Box 941958
Miami, Florida 33194
Telephone: (305)559-9620
Facsimile: (305)559-3611

By: _____
[ ] ANA DIAZ NOA, ESQ., FBN 729299
[ ] JOSEPH A. NOA, JR., ESQ., FBN 81984
[ ] MICHAEL A. NOA, ESQ., FBN 93621

LAS OLAS RIVERFRONT, LP,
     Plaintiff,
vs.
FRANK THEATER MANAGEMENT, LLC,
     Defendant(s),
and
BANK OF AMERICA, N.A.,
     Garnishee
_____/

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL CIVIL DIVISION
CASE NO.:    CACE-13-25993 (DIV. 08)

ANSWER OF GARNISHEE AND
DEMAND TO PLAINTIFF FOR
PAYMENT OF ATTORNEY'S  FEES

     Garnishee, BANK OF AMERICA, N.A., by its undersigned attorney, Answers the Writ of Garnishment served on it as to Defendant, as follows:

     1.     At the time of the service of the Writ of Garnishment, plus sufficient time not to exceed one business day for Garnishee to act expeditiously on the Writ, and at the time of its Answer and at all times between service and its Answer, Garnishee's records reflect the following account(s) which may be subject to the Writ of Garnishment:

| Account Number(s) | Name on Account |
|---|---|
| xxxx-xxxx-7698 | Frank Theatres Management, LLC<br>1003 W. Indiantown Rd., Ste. 210<br>Jupiter, FL 33458-6851 |
| xxxx-xxxx-5130 | Frank Theatres Management, LLC<br>Credit Card Collection Account<br>1003 W. Indiantown Rd., Ste. 210<br>Jupiter, FL 33458-6851 |
| xxxx-xxxx-5896 | Frank Theatres Management, LLC<br>Payroll Account<br>1003 W. Indiantown Rd., Ste. 210<br>Jupiter, FL 33458-6851 |

     2.     Pursuant to provisions of Sections 77.06 (2) and (3) of Florida Statutes, and subject to Court determination of the proper disposition of proceeds of the above account(s), Garnishee has set aside the following sums:

| Account Number(s) | Amount Set Aside |
|---|---|
| xxxx-xxxx-7698 | $96,763.44* |
| xxxx-xxxx-5130 | -0- |
| xxxx-xxxx-5896 | $8,053.23* |

     *[Garnishee's records indicate that the amounts of $70,541.94, from Account Number xxxx-xxxx-7698, and $958.06, from Account Number xxxx-xxxx-5896, have previously been set aside and continue to be set aside by Garnishee in its garnishment account, in response to a prior Writ of Garnishment served on Garnishee on June 15, 2018, in this case.]

3.      Under its deposit agreement/contract with its customer, Garnishee has a contractual right of setoff and it hereby claims this right.  Specifically, Garnishee is authorized to offset, among its other rights, a bank processing fee in the amount of $125.00.  Said sum has been taken from the funds in paragraph 2 above and the amount shown reflects the reduced sum held after offset.  As such, this is the sum available for garnishment herein.  Garnishee's bank processing fee is in addition to the statutory garnishment fee in the amount of $100.00 to be paid by Plaintiff to Garnishee's attorney as part payment of Garnishee's attorney's fees (Section 77.28 Florida Statutes, as amended on July 1, 2014).

4.      Garnishee has no obligation to make, and has not made, a factual determination whether the property of the Defendant(s)  in its possession or control is subject to any exemption provided to the Defendant(s) by State or Federal Law.

5.      Garnishee knows of no other person indebted to Defendant(s), or any other person who may have any effects, goods, money or chattels of the said Defendant(s), nor did Garnishee have in its possession or control any other tangible or intangible personal property of the Defendant(s).

6.      In accordance with Section 77.28  as amended on July 1, 2014, and having filed the Answer of  Garnishee in this case, **Garnishee  hereby  demands from Plaintiff  the payment  forthwith of the $100.00  statutory garnishment fee** for the part payment of its attorney's fees, to be made **payable to The Noa Law Firm, P.A.,** Garnishee's attorney(s), and to be mailed to:

**THE  NOA LAW FIRM, P.A.**
**P. O. Box  941958**
**Miami, Florida 33194**

WHEREFORE, Garnishee prays that this Court enter its judgment determining proper disposition of any funds held pursuant to the Writ of Garnishment and **demands payment by Plaintiff forthwith of the $100.00  statutory garnishment fee** as part payment of Garnishee's attorney's fees, to be made **payable to The Noa Law Firm, P.A.,** Garnishee's attorney(s), and for any other relief this Court deems just and proper.

## DESIGNATION OF EMAIL ADDRESS

Pursuant to Rule 2.516 of the Florida Rules of Judicial Administration, Counsel for Garnishee hereby designates the following primary email address for service of court documents: Primary email address:  e-service@noalawfirm.com.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished via electronic mail this  7TH  day of ___AUGUST___ , 2018, to JASON R. BLOCK, ESQ., ATTORNEY FOR PLAINTIFF, RENNERT VOGEL MANDLER & RODRIGUEZ, P.A., Email: servicejasonblock@rvmrlaw.com.

THE  NOA LAW FIRM, P.A.
ATTORNEY(S)  FOR GARNISHEE
P. O. Box  941958
Miami, Florida 33194
Telephone: (305)559-9620
Facsimile: (305)559-3611

By: _____
[ ]  ANA DIAZ NOA, ESQ.,  FBN  729299
[✓]  JOSEPH A. NOA, JR., ESQ., FBN  81984
[ ]  MICHAEL A. NOA, ESQ., FBN  93621